ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorneys for Defendant
  Wells Fargo Bank, N.A.

By:    KERRI E. CHEWNING, ESQUIRE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS PAVLAK, ADVOCATES FOR DISABLED AMERICANS, | Civil Action No. |
| Plaintiffs, | |
| v. | |
| WELLS FARGO BANK, | |
| Defendant. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Wells Fargo Bank, N.A. (incorrectly named as Wells Fargo Bank) ("Defendant") hereby removes the state court action to this Court as described below:

## I.    PROCEDURAL BACKGROUND

1.    On April 7, 2017, Plaintiffs Nicholas Pavlak and Advocates for Disabled Americans ("Plaintiffs") commenced an action in the Superior Court of the State of New Jersey for the County of Camden, by filing a Complaint entitled *Nicholas Pavlak et al. v. Wells Fargo Bank,* New Jersey Superior Court Case No. CAM-L-17-1493 alleging that the bank branch

located at 117 East Board St., South Paulsboro, New Jersey (the "Subject Property") fails to meet the requirements of state and federal disabled access laws.

2.     Defendant was served with a copy of the Complaint on April 19, 2017.  Attached as Exhibit "1" to this Notice of Removal are true and correct copies of all of the pleadings, processes and orders that have been served upon Defendant and filed in the New Jersey State Court Action.  Defendant has not yet responded to the Complaint.  There are no other named defendants.

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION

3.     This action is a civil action for which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one which may be removed pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1443, in that Plaintiffs have filed a civil rights action and Plaintiffs' claims are founded on a claim or right arising under the laws of the United States.

4.     The Complaint alleges civil rights violations under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12182 et seq.:

(a)     Complaint at 1, Statement of the Case:  "This suit is a private action brought by a Plaintiff…for injunctive relief under the federal American[s] with Disabilities Act, 42 USC 12182."

(b)     Complaint ¶ 3:  "Defendant Is the owner/operator of a Bank…which is a public accommodation under both the ADA and LAD."

(c)     Complaint ¶ 11: "The lack of access is a violation of New Jersey Law Against Discrimination (LAD) and Americans with Disability Act (ADA)."

5.      Here there can be little doubt that resolution of the case requires resolution of the substantial (and unsettled) question of whether there has been a violation of the ADA.  The Complaint seeks to establish liability for violation of the ADA explicitly as detailed above.

6.      Because Plaintiffs seek relief for alleged ADA violations, this Court has original jurisdiction over such claims.

7.      Federal question jurisdiction is proper and this matter should be resolved by a federal court.

8.      Therefore, this Removal is proper pursuant to 28 U.S.C. §§1331, 1441.

## III.    REMOVAL IS PROPER BECAUSE THERE IS DIVERSITY JURISDICTION

9.      The Action is a civil action over which this Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a).  The Action is also removable because there is complete diversity between the parties and the amount in controversy exceeds the jurisdictional minimum.  Therefore, removal is proper under 28 U.S.C. § 1441.

### A.      The Diversity Of Citizenship Requirement Is Satisfied

10.     Plaintiff Nicholas Pavlak is a citizen of Florida.   According to the filed Complaint, "Plaintiff Nicholas Pavlak residing at 15128 97th Drive, Jupiter, Palm Beach County, Florida."  Complaint at  1.  Accordingly, for jurisdictional purposes, Plaintiff is a citizen of the State of Florida.

11.    Plaintiff Advocates for Disabled Americans is a citizen of New Jersey. Plaintiff Advocates for Disabled Americans is an entity described in the Complaint as "a civil rights organization" and is presumed to be a nonprofit corporation.  Complaint ¶ 2.  A not-for-profit corporation is treated the same as a corporation with shareholders; the citizenship of its members is immaterial: "For purposes of diversity jurisdiction a corporation is a corporation is a corporation." *CCC Information Services, Inc. v. American Salvage Pool Ass'n*, (7th Cir. 2000) 230 F3d 342, 346 (internal quotes omitted).  "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c).  According to the filed Complaint, "Plaintiff Advocates for Disabled Americans, doing business in Camden County New Jersey."  Complaint at 1.  Thus, Advocates for Disabled Americans is a citizen of the State of New Jersey.

12.    Defendant is a citizen of South Dakota.  Defendant is a registered national association entity.  National associations are "located" in, and therefore "citizens" of, the state in which the main office is located.  *Wachovia Bank, N.A. v. Schmidt,* 546 US 303 (2006). "Reading § 1348 in this context, one would sensibly "locate" a national bank for the very same purpose, i.e., qualification for diversity jurisdiction, in the State designated in its articles of association as its main office." *Id.* at 318.  The Articles of Association for Wells Fargo Bank, N.A. list its main office in Sioux Falls, South Dakota.

**B.    The Amount In Controversy Requirement Is Satisfied**

13.    In order to show that the amount in controversy requirement is satisfied, Defendant need only demonstrate, by a preponderance of evidence, that Plaintiffs' claims meet the jurisdictional minimum.  28 U.S.C. § 1446(c)(2)(B).  In determining whether the jurisdictional minimum is met, the Court is entitled to and should consider all recoverable

4

damages sought by Plaintiff, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *See Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347-48 (1977). In addition, the Court may consider the value of nonmonetary relief sought (28 U.S.C. § 1446(c)(2)(A)(i))

14. Here, based on the underlying ADA claim and the New Jersey Law Against Discrimination, it is clear that the aggregate of monetary and nonmonetary relief at issue exceeds $75,000.

15. Because attorneys' fees are recoverable as a matter of right for prevailing parties under the ADA, the Court may consider such fees when determining the amount in controversy. In this matter, the expected attorneys' fees alone will exceed the jurisdictional minimum.

16. Nonmonetary Damages: The Court may also consider the cost of nonmonetary relief alleged in Plaintiffs' Complaint. 28 U.S.C. § 1446(c)(2)(A)(i). In addition to monetary damages, Plaintiffs seek injunctive relief. Complaint ¶¶ 11, 12.

17. The cost of implementing the changes sought in Plaintiffs' Complaint is likely to exceed the minimum amount in controversy for removal on its own. Plaintiffs' Complaint vaguely asserts "lack of access" at the Subject Property and specifically alleges "improper parking and routes for the disabled." Compliant ¶¶ 5, 6.

18. Significantly, due to the complexity and labor-intensive nature of performing a comprehensive review and accessibility remodeling of the Subject Property, the cost of making the requested injunctive relief changes to the Subject Property is likely to exceed $75,000.

19.     Furthermore, the costs of litigation to Defendant may likely exceed $75,000 over the life of the lawsuit, as Defendant does not agree with Plaintiffs' claims in this lawsuit and intends to dispute them during the litigation process.

20.     Therefore, based on Plaintiffs' demand for attorneys' fees sought in this action, and the cost of accessibility surveying and remediation of the Subject Property, it is clear that the $75,000 amount in controversy requirement has been satisfied in this case.

## IV.     THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED

21.     The filing of this Notice of Removal is filed within the time period required under 28 U.S.C. § 1446(a).

22.     In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District in which the action is pending.  The Camden County Superior Court is located within the District of New Jersey. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

23.     In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibit 1 to this Notice.

24.     In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiffs, and a notice will be filed with the Clerk of the Superior Court of New Jersey for the County of Camden.

25.     As required by Federal Rule of Civil Procedure 7.1, Defendant concurrently filed its Corporate Disclosure Statement.

26.    Based on all of the matters discussed above, Defendant removes the above-captioned action to the United States District Court for the District of New Jersey.


May 19, 2017                                  ARCHER &GREINER
                                             A Professional Corporation
                                             Attorneys for Defendant,
                                                WELLS FARGO BANK, N.A.

                                             By:    */s/ Kerri E. Chewning*
                                                    Kerri E. Chewning


                                             JEFFER MANGELS BUTLER &
                                             MITCHELL LLP
                                             Two Embarcadero Center, Fifth Floor
                                             San Francisco, California  94111-3824
                                             Telephone:    (415) 398-8080
                                             Martin H. Orlick, Esquire
                                                    (*Pro Hac Vice* to be filed)
                                             Stuart K. Tubis, Esquire
                                                    (*Pro Hac Vice* to be filed)

212616524v1

7

# EXHIBIT 1



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

**TMM / ALL**
**Transmittal Number: 16531468**
**Date Processed: 04/20/2017**

**Primary Contact:**  WF West - WF Bank
Corporation Service Company- Wilmington, DELAWARE
2711 Centerville Rd
Wilmington, DE 19808

| | |
|---|---|
| **Entity:** | Wells Fargo Bank, N.A.<br>Entity ID Number  2013649 |
| **Entity Served:** | Wells Fargo Bank |
| **Title of Action:** | Nicholas Paviak, Advocates for Disabled Americans vs. Wells Fargo Bank |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Camden County Superior Court, New Jersey |
| **Case/Reference No:** | CAM-L-17-1493 |
| **Jurisdiction Served:** | New Jersey |
| **Date Served on CSC:** | 04/19/2017 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Client Direct |
| **Sender Information:** | Anthony J. Brady Jr.<br>561-603-6387 |
| **Client Requested Information:** | Matter Management User Groups: [LITIGATION - FLINT, SUSAN] |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscglobal.com

## WELLS FARGO SERVICE OF PROCESS COVER SHEET



**WELLS FARGO**

Procedure:

- Complete the Cover Sheet in its entirety. Use a separate cover sheet for each service and forward individually. Multiple documents received together for the same case should be sent as one service. Incomplete cover sheets may cause a delay resulting in a loss to WF.
- **Email (preferred method)** or Fax document(s) ASAP upon receipt.
- Place pages in order with envelope as the last page. **Always include the envelope.** Include the back of any double-sided pages in the correct page order.
- If all pages do not go through, write "Re-fax" on the cover sheet and re-fax the entire document.
- If unable to email or fax due to poor quality/size/equipment issues/etc, overnight original service.
- Retain the original in your file unless there is a check attached. If a check is attached, please fax or email and then send a copy of the service with the check to N0001-101.
- For Search Warrants, Garnishments, TROs, Writs& Levies, use the link below to avoid delays. Store Portal -https://dssgweb.wellsfargo.com/idd/storepp/procedure.asp?detail=585

| | |
|---|---|
| TO: | Service of Process |
| COMPANY: | Corporation Service Company |
| E-MAIL: | WellsFargosop@cscglobal.com |
| FAX NO.: | 866-487-4597 (International Fax No. 011-1-866-487-4597) |
| OVERNIGHT: | Attn: Brenda Coy/Wells Fargo (800-927-9801, x 62918/brenda.coy@cscglobal.com) Corporation Service Company 1201 Hays St, Tallahassee, FL 32301 |
| PLEASE NOTE: | The contact information above is for use by WF team members only. **Do not** provide this information to customers or other third parties. CSC cannot provide guidance or advice in regards to your document or legal questions but will forward documents to the appropriate WF contact for review/handling. |

| | |
|---|---|
| DATE: | April 19, 2017 |
| TOTAL PAGES: | 7 (including cover sheet) |
| NAME: | If you do not receive all pages or have any questions, please contact the following: Robert Hoffman |
| PHONE NO.: | (856)224-4141 |
| EMAIL: | robert.w.hoffman@wellsfargo.com |
| AU/BUSINESS LINE: | 67852 |
| CASE NAME: | |

| | |
|---|---|
| STATE SERVED: | NJ |
| DATE OF SERVICE: | 04/19/2017 If "Unknown", check here. |
| TIME DOCUMENTS SERVED: | 4:40PM If "Unknown", check here. |
| METHOD OF SERVICE: | Personal Service If "Other": |
| ORIGINALLY SERVED ON: | Wells Fargo Bank, N.A. If Other is selected, please complete: |
| COMMENTS/NOTES: | |

For more information, please see the Service of Process Team website:
http://wflegal.homestead.wellsfargo.com/Divisions/Litigation%20and%20Workout/P1/Pages/ifserved.aspx

### For Use by Wells Fargo Only.

This facsimile contains information which (a) may be LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) is intended only for the use of the Addressee(s) named below. If you are not the Addressee, or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying or distributing this facsimile is prohibited. If you have received this facsimile in error, please telephone us immediately in order to mail the facsimile back to us. Thank you.

#1137975-v17                    Revised 1/9/2017

NO CASE OR INFORMATION
PROVIDED
— WEDNESDAY, APPEAL 19, 201
@ 4:40PM
AU#67852
MRC: J74d 01

**SUMMONS**

| Attorney(s) | Anthony J. Brady Jr. |
|---|---|
| Office Address | 1 Rose Ave |
| Town, State, Zip Code | |
| Telephone Number | |
| Attorney(s) for Plaintiff | Nicholas Pavlak, AFDA |

Nicholas Pavlak, Advocates For Disabled Americans

**Superior Court of
New Jersey**

Camden       COUNTY
           DIVISION

Docket No:   1493

Plaintiff(s)

Vs.
Wells Fargo Bank

**CIVIL ACTION
SUMMONS**

Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each *deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and* online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED:     April 15, 2017

Name of Defendant to Be Served:     Wells fargo Bank

Address of Defendant to Be Served:     117 East Broad St. Paulsboro, NewJersey

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

ANTHONY J. BRADY, JR., ESQUIRE
1 Rose Avenue
P. O. Box 129.
Maple Shade, New Jersey 08052
(561) 603-6387. Bar Number 044541984
Attorney for Plaintiffs

FILED
APR - 7 2017
~~Camden County Superior Court~~

| | |
|---|---|
| NICHOLAS PAVLAK, ADVOCATES FOR DISABLED AMERICANS. | : SUPERIOR COURT OF NEW JERSEY<br>: CAMDEN . COUNTY<br>: LAW DIVISION |
| Plaintiffs, | : |
| | : Docket No.: CAM-L-   17. |
| vs. | : Civil Action   1493 |
| WELL FARGO BANK | : |
| | : **COMPLAINT** |
| Defendant. | : |

Plaintiff Nicholas Pavlak residing at 15128 97th Drive, Jupiter, Palm Beach County, Florida, Plaintiff Advocates for Disabled Americans, doing business in Camden County New Jersey, by way of complaint against Defendant states:

### STATEMENT OF THE CASE.

This suit is a private action brought by a Plaintiff, who is disabled and who uses a walker for injunctive relief under the federal American with Disabilities Act, 42 USC 12182 and the New Jersey law Against Discrimination.

It would be wise to review the purposes of the access laws. First, the laws are about opportunity; as former Speaker of the House Gingrich has stated, "Mr. Chairman, throughout our history, our disabled citizens have not been provided the opportunity to participate in all phases of society. Designed to provide 43,000,000 Americans with enhanced opportunities, this bill, then, embodies the conservative idea of opportunity." 136 Cong. Rec. H2631 (daily ed. May 22, 1990) (Statement of Rep. Gingrich).

Second, the law is about the economic wellbeing of America. As former Attorney General Thornburgh testified, "We must recognize that passing comprehensive civil rights legislation protecting persons with disabilities will have direct and tangible benefits for our country. Certainly, ...the mainstreaming of persons with disabilities will result...in more persons with disabilities working, in increasing earnings, in less dependence on the Social Security System for financial support, in increased spending on consumer goods, and increased tax revenues." Testimony before House Committee on Civil and Constitutional Rights, Ser No. 101-58, Oct. 11, 1989, p. 811.

Third, the law is to end segregation. As Senator Kennedy stated, "The Americans With Disabilities Act will end this American apartheid. It will roll back the unthinking and unacceptable practices by which disabled Americans today are segregated, excluded, and fenced off from fair participation in our society by mindless biased attitudes and senseless physical barriers. 135 Cong. Rec. 54993 (daily ed. May 09, 1989) (Statement of Sen. Kennedy).

It is respectfully submitted that Senator Dole's opinion that the access laws are about dignity, "Living independently and with dignity means opportunity to participate fully in every activity of daily life136 Cong. Rec. S9695 (daily ed. July 13, 1990) (Statement of Sen. Dole).

> privileges of any place of public accommodation. The New Jersey Supreme Court's construction of the statutory definition of a "place of public accommodation" has given its statute a more expansive coverage than most state statutes. In its "exercise of this high power" today, the Court does not accord this "courageous state" the respect it is due. Boy Scouts of America v. Dale, 530 U.S. 640, 663-664 (2000).

Plaintiffs seek an award of injunctive relief attorney fees and costs under the ADA and LAD as well as damages under the LAD as a private attorney general. The Courts have explained the role of private enforcement of the access laws. The 9th Circuit explained, "For the ADA to yield its promise of equal access for the disabled it may be indeed necessary and desirable for committed individuals to bring serial litigation advocating the time when public accommodations will be compliant with the ADA", D'Lil v. Best Western Encino-Lodge & Suites, 538 F.3d 1031 (9th Cir. 2008).

As Judge Henderson of the United States District Court wrote;

> "There can be no question that the Americans With Disabilities Act, passed in 1990, established as law the nation's interest in eradicating the bigotry and barriers faced by individuals with disabilities. . .The ADA creates the possibility that successful Plaintiffs may establish permanent changes in the design and physical configuration of structures to better accommodate the disabled. . .The benefits of such changes clearly redound not only to the Plaintiffs themselves but to similarly situated disabled persons, and the entire society at large. As a result, Plaintiffs or Plaintiff classes who bring suit pursuant to the ADA do so in the role of 'private attorneys general' who seek to vindicate a policy of the highest priority."

## FIRST COUNT

1.      Plaintiff Pavlak is disabled and uses a walker and/or wheelchair. Plaintiff is often in New Jersey having grown up in South Jersey.

2.      Plaintiff Advocates for Disabled Americans (AFDA) is a civil rights organization, whose goal in part is to enforce the civil rights of the disabled with an office in Camden County.

3.      Defendant Is the owner /operator of a Bank located at

117 East Board St South Paulsboro, New Jersey, Gloucester County, New Jersey,

which is a public accommodation under both the ADA and LAD.

4.     Plaintiff Pavlak is a frequent patron at Defendants Bank including September 9, 2016.

5.     His ability to utilize the services of the defendants has been impaired as a result of the lack of access to the Plaintiff and a disabled as a whole including on many occasions

6.     Specifically, there is improper parking and   routes   for the disabled.

7.     The above violations are not exclusive. Plaintiff reserves the right to amend the allegations as discovery progresses.

8.     Plaintiff Pavlak intends to return to said public accommodation including but not limited to the July 2017 and  holiday seasons and there after each succeeding year.

9.     Plaintiff Pavlak, also intends to return as a tester.

10.    As a result Plaintiff sustained distress and anger.

11.    The lack of access is a violation of New Jersey Law Against Discrimination (LAD) and Americans with Disability Act (ADA).

Wherefore, Plaintiff Pavlak demands judgment for damages under the LAD.

1).    Injunctive relief.

2).    Attorney fees.

3).    Costs of suit.

## SECOND COUNT

12.    Plaintiff AFDA repeats the allegations of the first count.

Plaintiff Advocates for Disabled Americans with offices in Cherry Hill, Camden County New Jersey and its members have suffered and will continue to suffer direct and indirect Injury as a result of this discrimination.

Wherefore, Plaintiff Advocates for Disabled Americans demands judgment for:

1). Injunctive relieve.

2). Damages under the LAD

3). Attorney fees.

4). Costs of suit.

Date: April 7 , 2017.

_____
Anthony J. Brady Jr. Esq.

## CERTIFICATION

I further certify pursuing to R 4.5-1, that this matter in controversy is not the subject of any court of a pending arbitration proceeding nor any other action or arbitration proceeding contemplated.

Further, the Plaintiffs are not aware of any other parties that should be joined in this matter.

DATED: April 7, 2017.

_____
ANTHONY J. BRADY JR. ESQUIRE